UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-60229-CR-ZLOCH

UNITED STATES OF AMERICA,

        Plaintiff,

v.

EDWARD JEREMAINE WHITFIELD,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court upon Defendant Edward Jeremaine Whitfield's Motion to Sever Count Eight of the Indictment [D.E. 192], upon reference to me for report and recommendation by the Honorable William J. Zloch [D.E. 193].  After carefully reviewing Defendant's Motion, the Government's Response [D.E. 197], and the record, and upon consideration of the August 21, 2009, oral argument concerning Defendant's Motion, I recommend denying Defendant's Motion to Sever.

***I.  Background***

In an eight-count Superseding Indictment [D.E. 184], Defendant Whitfield is charged with the following violations of federal criminal law: (1) conspiracy to possess with intent to distribute at least five kilograms of cocaine and at least 50 grams of cocaine base ("crack cocaine") (Count 1); (2) distribution of cocaine (Counts 2, 4, and 6); (3) distribution of crack cocaine (Counts 3 and 5); (4) possession of a firearm in furtherance of a drug-trafficking crime (Count 7); and (5) being a felon in possession of a firearm (Count 8).  The grand jury returned this Superseding Indictment against

Defendant after the Government executed arrest warrants for Defendant and five others in connection with the original Indictment returned in this case. *See* D.E. 3, D.E. 184. Among other allegations against other Defendants, the original Indictment charged Defendant Whitfield with four drug-trafficking violations only.

According to the Government, as a part of the arrest process, law enforcement agents obtained a search warrant for the apartment where Defendant Whitfield was arrested. D.E. 197 at 2. During the course of executing Defendant Whitfield's arrest and the search warrant on the apartment on September 19, 2008,[1] law enforcement agents located and seized "various drug[-]trafficking items" and two firearms. *Id.* Consequently, on July 7, 2009, the grand jury returned the Superseding Indictment against Whitfield, adding, among other charges, Counts 7 and 8 relating to the firearms recovered during the execution of the search warrant and arrest of Defendant Whitfield. *Id.*

On August 7, 2009, Defendant Whitfield filed the pending Motion seeking a separate trial on Count 8 of the Superseding Indictment. *See* D.E. 192. In support of his Motion, Defendant argues that trying all eight counts together would violate the Due Process Clause of the Fifth Amendment, as well as Rule 403, Fed. R. Crim. P. *Id.* at 1. More specifically, Defendant contends that his

> prior felony conviction is irrelevant and evidence of it would be unduly prejudicial to the determination of guilt as to the remaining counts of the indictment and would otherwise be inadmissible if

---

[1] Although Defendant's Response indicates the date as "September 19, 2009," the Court understands this to be a typographical error, as September 19, 2009, has not yet come to pass. The only September 19 falling between the date of the original Indictment and the filing of Defendant's Response is September 18, 2008. Accordingly, the Court understands Defendant's Response to refer to that date.

> [Defendant] did not testify on his own behalf. Therefore, to introduce proof of [Defendant's] prior felony conviction in order to prove Count Eight would undermine [Defendant's] constitutional right to a fair trial as to the remaining counts.[2]

*Id.* at 1-2. Thus, citing Rule 14, Fed. R. Crim. P., Defendant urges the Court to sever Count 8 from the remainder of the Superseding Indictment for purposes of trial. *Id.* at 2.

The Government opposes Defendant's Motion. *See* D.E. 197. In this regard, the Government refers the Court to case law where the Eleventh Circuit upheld a district court's decision to deny severance where the facts before the court were similar to those currently in front of this Court. *See id.* at 2-3 (citing *United States v. Bennett*, 368 F.3d 1343 (11th Cir. 2004)).

On August 21, 2009, the Court held a hearing on Defendant's Motion. During the hearing, the Government asserted that the charges in Counts 7 and 8 pertain to precisely the same firearms, all of which law enforcement agents seized while executing the search warrant and arrest warrant on September 19, 2008. In addition, the Government argued that considerations of judicial economy support holding a single trial, and any potential prejudice to Defendant Whitfield may be remedied through appropriate jury instructions. Defendant Whitfield disagreed, asserting that proceeding by way of a single trial would severely prejudice Defendant's rights. This matter is now ripe for consideration.

---

[2]According to the Government, Defendant actually has five prior felony convictions that can be used to establish the element of Count 8 that Defendant is, in fact, a convicted felon: (1) 2007 conviction for possession of cocaine; (2) 2002 conviction for possession of cocaine with intent to deliver; (3) 1999 conviction for battery on a law enforcement officer and resisting arrest with violence; (4) 1998 conviction for possession of cocaine with intent to deliver; and (5) 1997 conviction for possession of cocaine with intent to deliver. D.E. 197 at 3.

## *II. Analysis*

**A.  Rule 8(a), Fed. R. Crim. P.**

The Court begins its analysis by considering whether Count 8 of the Superseding Indictment is properly joined with the other seven counts of the Superseding Indictment.  Rule 8(a), Fed. R. Crim. P., governs joinder of offenses.  It provides, in relevant part, "The indictment . . . may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."  The word "transaction" "'may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship.'" *United States v. Park*, 531 F.2d 754, 761 (11th Cir. 1976) (quoting *Moore v. N.Y. Cotton Exch.*, 270 U.S. 593, 610 (1926)).  As for whether crimes are "connected" for purposes of Rule 8(a), charges satisfy this prong of Rule 8(a) if "the proof of one crime constitutes a substantial portion of the proof of the other." *United States v. Montes-Cardenas*, 746 F.2d 771, 776 (11th Cir. 1984) (citations omitted).  When a court applies the standards articulated in Rule 8, the court "broadly construe[s] [Rule 8] in favor of the initial joinder.'" *United States v. Dominguez*, 226 F.3d 1235, 1238 (11th Cir. 2000) (quoting *United States v. Weaver*, 905 F.2d 1466, 1476-77 (11th Cir. 1990)).

In the instant matter Counts 5 through 8 of the Superseding Indictment all charge events occurring on September 19, 2008, stemming from discoveries that law enforcement officers made when they effected the arrest of Defendant Whitfield and the search of the location where they found him.  *See* D.E. 184 at Counts 5-8.  More specifically, these counts allege possession with intent to distribute crack cocaine and cocaine (Counts 5 and 6, respectively), possession of a firearm in

furtherance of a drug-trafficking crime (Count 7), and possession of a firearm by a convicted felon (Count 8). Counts 7 and 8 of the Superseding Indictment necessarily require the Government to demonstrate that Defendant Whitfield possessed the weapons in question. Since the firearms that Defendant allegedly possessed are the same in Counts 7 and 8, the proof of this element with respect to each of these counts should likewise be the same.

Moreover, even if Count 7 were not charged in the Superseding Indictment, the Eleventh Circuit has repeatedly opined that "weapons have become 'tools of the trade' for those involved in the distribution or manufacture of illicit drugs." *Montes-Cardenas*, 746 F.2d at 777. Thus, "[t]he same logic used to admit weapons into evidence at drug trials . . . [dictates] that, especially when, as here, weapons and drugs are found during the same search, joinder of a weapons offense with drug charges is proper under Rule 8(a)." *Id.*; *see also Park, supra; United States v. Williams*, 177 F. App'x 914, 924 (11th Cir. 2006); *United States v. Cameron*, 2007 WL 1696022, *3 (S.D. Fla. Jun. 12, 2007). Consequently, the Court concludes that under Rule 8(a), Fed. R. Crim. P., Count 8 is properly joined with the other seven counts of the Superseding Indictment.

**B.  Rule 14, Fed. R. Crim. P.**

Nevertheless, although Rule 8(a) may permit counts satisfying the rule's standards to be joined, Rule 14, Fed. R. Crim. P., empowers the district court to exercise its discretion to sever otherwise properly joined counts when the court concludes that "the joinder of offenses . . . for trial appears to prejudice a defendant or the government. . . ." Here, Defendant Whitfield argues that the Court should sever Count 8 from the remaining counts in the Superseding Indictment for purposes of trial. In support of this contention, Defendant Whitfield asserts that evidence regarding any of his prior felony convictions "is irrelevant and would be unduly prejudicial to the determination of guilt

[with respect to the charges in Counts 1 through 7 of the Superseding Indictment] . . . and would otherwise be inadmissible if Mr. Whitfield did not testify on his own behalf." D.E. 192 at 1-2.

To determine whether a severance should be granted, the trial court "must balance the right of the defendant to a fair trial against the public's interest in the efficient and economic administration of justice." *United States v. Simon*, 839 F.2d 1461, 1472 (11th Cir. 1988) (considering motion for severance of defendants). In conducting this analysis, the district court must grant a motion for severance only where denial would "'result[] in compelling prejudice against which the district court [can] offer[] no protection.'" *United States v. Dowd*, 451 F.3d 1244, 1249 (11th Cir. 2006) (quoting *United States v. Hersh*, 297 F.3d 1233, 1244 (11th Cir. 2002)).

In *Panzavecchia v. Wainwright*, 658 F.2d 337 (5th Cir. Unit B 1981),[3] for example, Panzavecchia was indicted for murder and unlawful possession of a firearm by a convicted felon. During the trial, the state presented a witness who testified that he first met Panzavecchia "in Federal Prison," and a federal agent recalled that he was present when Panzavecchia was convicted of a felony. *Id.* at 338. Additionally, the attorney for the state made "several references during the trial to the fact that [Panzavecchia] was a convicted felon." *Id.* While this evidence was relevant to the possession charge, it was "completely irrelevant to the murder count." *Id.* The only instruction that the presiding judge gave arguably relating to the manner in which the jury was to consider the evidence of prior conviction included the following:

> The separate crime is charged in each count of the indictment. Each crime, and the evidence applicable to it, must be considered separately. The fact that you may find the defendant guilty, or not guilty, of one or more of the crimes charged must not affect your

---

[3] Decisions rendered by Unit B of the former Fifth Circuit constitute binding precedent in the Eleventh Circuit. *Stein v. Reynolds Secs., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982).

> verdict with respect to the other crime charged. . . .  The defendant is not on trial for any act or conduct not charged in the indictment or included within the lesser offenses and you must consider the evidence only as it relates to this charge.

*Id.*  The Eleventh Circuit's predecessor court concluded that, under these circumstances, the denial of Panzavecchia's motion for severance constituted reversible error.  More specifically, noting that the evidence regarding the prior conviction had no relevance to the murder charge, the court explained that the district court had given "no proper instructions to the jury to relate the evidence of the [prior] conviction only to the firearm possession charge."  *Id.* at 341.  Moreover, the state's "repeated references to [Panzavecchia's] criminal past" compounded the error created by the lack of appropriate limiting instructions.  *Id.*

Since *Panzavecchia*, however, the Eleventh Circuit has repeatedly affirmed denials of severance motions in cases charging multiple counts, only one of which involves a firearm possession violation.  In *United States v. Bennett*, 368 F.3d 1343 (11th Cir. 2004), *vacated on other grounds* (sentencing/*Booker* issues), 43 U.S. 1110 (2005), for example, Bennett was charged in a single indictment with drug-trafficking, attempting to kill an official in the performance of official duties, possession of a firearm during drug-trafficking crimes, being a convicted felon in possession of firearms, being a drug addict in possession of firearms, and possessing an unregistered, sawed-off shotgun.  Bennett moved to sever the count charging him with being a convicted felon in possession of a firearm, and the district court denied the motion.  The Eleventh Circuit affirmed, finding that "[s]everal factors mitigated any prejudice resulting from the refusal to bifurcate the trial."  *Id.* at 1351.  First, the court observed that the jury "did not hear any details about the prior bad act" because the parties stipulated to the prior felony.  *Id.*  Second, the court found that the trial judge's

instructions to the jury reduced the potential for prejudice. *Id.* In this regard, the trial judge instructed,

> The parties in this case have stipulated that the defendant is a convicted felon. Therefore, it is not necessary for the Government to offer additional proof on this element. You are to consider that as a fact but only as to the charge in this count of the indictment. You are not to consider this fact in determining the guilt or innocence of the defendant in the other counts of the indictment. You are to disregard that fact in considering whether the defendant is guilty or not guilty of the other counts.

*Id.* The Eleventh Circuit reasoned, "We presume that a jury follows the instructions given to it by the district court," and nothing in the record provided any indication that the jury failed to follow the quoted instruction. *Id.* (citing *United States v. Shenberg*, 89 F.3d 1461, 1472 (11th Cir. 1996)).

Nor must a defendant stipulate to being convicted of a felony in order for a district court to exercise properly its discretion to deny a motion for severance. In *United States v. Jiminez*, 983 F.2d 1020 (11th Cir. 1993), Jiminez was indicted for drug-trafficking and for being a convicted felon in possession of a firearm. He moved to sever the counts for trial, and the district court denied the motion. The Eleventh Circuit affirmed, even though Jiminez chose not to stipulate to being a convicted felon, thus requiring the government to present evidence of his prior conviction. In reaching this determination, the court reasoned that Jiminez's prior criminal activity was not "unduly emphasized at trial." *Id.* at 1023. Second, the Eleventh Circuit noted that even had the drug-trafficking charge been tried separately from the firearm count, the government would have been entitled to present evidence regarding parole violations, and, thus, the underlying criminal conviction supporting them, that Jiminez committed in the process of allegedly engaging in the charged drug-trafficking crime. *Id.* Third, and "[n]otwithstanding the relevance of this evidence to the [drug-

trafficking] prosecution, the trial judge eliminated the possibility of reversible error by specifically instructing the jury to limit its consideration of the prior conviction to the firearms count." *Id.*

The Eleventh Circuit and the district courts within it have echoed the teachings asserted in *Bennett* and *Jiminez* time and time again. *See, e.g., United States v. Dowd*, 451 F.3d 1244, 1249-50 (11th Cir. 2006); *United States v. King*, 233 F. App'x 969, 973 (11th Cir. 2007); *United States v. Williams*, 177 F. App'x 914, 924-25 (11th Cir. 2006); *United States v. Cameron*, 2007 WL 1696022, *3-*4 (S.D. Fla. Jun. 12, 2007); *United States v. Solomon*, 2008 WL 4372839, *2 (M.D. Fla. Sept. 24, 2008). The Court can discern no reason why the pending matter should be treated any differently.

First, unlike *Panzavecchia* but as in *Jiminez*, the fact that Defendant Whitfield has previously been convicted of a felony is relevant to a count in the Superseding Indictment from which Defendant Whitfield seeks a severance. In this regard, Count 7 charges Defendant with possessing firearms in furtherance of a drug-trafficking offense. Proof of this crime requires, among other evidence, proof of a "nexus between the gun and the drug operation." *United States v. Timmons*, 283 F.3d 1246, 1253 (11th Cir. 2002). While the Government may establish this relationship in any number of ways, the Eleventh Circuit has expressly condoned the use of evidence regarding "the status of the possession (legitimate or illegal)" to fulfill this requirement. *See id.*; *see also United States v. Lewis*, 2009 WL 1370807, *1 (N.D. Fla. May 14, 2009) ("The fact that Defendant was a convicted felon, who could not legally possess a firearm, is relevant to the charge [of possession of a firearm by a convicted felon].").

Second, aware of the shortfalls in *Panzavecchia*, the Court can control the trial so as to minimize references to Defendant's prior convictions, as the trial courts in *Bennett*, *Jiminez*, and the

litany of similar Eleventh Circuit cases successfully did. Third, by properly instructing the jury, guided by the principles articulated in *Bennett, Jiminez*, and the other Eleventh Circuit cases, the Court can likewise effectively limit unfair prejudice to Defendant.[4]

### III.  Conclusion and Recommendation

For the foregoing reasons, while severing Count 8 of the Superseding Indictment remains an option within the Court's discretion, nothing requires the Court to grant Defendant's Motion to Sever, provided that the Court appropriately limits references to the conviction[5] and provides proper limiting instructions. In view of the significant number of Eleventh Circuit opinions finding no compelling prejudice to a defendant's rights where courts denied severance motions under materially indistinguishable circumstances, as well as considerations of judicial economy, including having to empanel a separate jury if the Motion to Sever were granted, I respectfully recommend that the Court deny the Motion to Sever.

The parties shall have ten (10) days from the date of being served with a copy of this Report

---

[4] Defendant directs the Court to *United States v. Jones*, 16 F.3d 487 (2d Cir. 1994), an out-of-Circuit case where the court reversed a conviction as a result of finding in error the trial court's denial of the defendant's severance motion. In *Jones*, although the trial court forbade the government to elicit the underlying facts of the prior conviction and instructed the jury not to consider the prior felony conviction "for character or propensity," the trial judge "repeated seven times that Jones had a prior felony conviction" in giving the jury the limiting instructions. Thus, the Second Circuit concluded that the jury could not have been expected within "mortal capacities" to follow the judge's instructions. *Id.* at 493. This Court can avoid that pitfall with carefully constructed jury instructions. Moreover, unlike in the pending matter, in *Jones* the government did not suggest that evidence pertaining to the defendant's criminal conviction was relevant to any of the other counts tried with the felon-in-possession charge. Finally, with all due respect to the Second Circuit, contrary to the published Eleventh Circuit cases discussed above, *Jones* is not binding on this Court.

[5] Although the Government asserts that Defendant has numerous criminal convictions, the Government has not suggested that it will be necessary for it to rely on any more than one such conviction to establish elements of Counts 7 and 8.

and Recommendation within which to file written objections, if any, with the Honorable William J. Zloch, United States District Judge.  Failure to file objections timely shall bar the parties from a *de novo* determination by the district judge of an issue covered in the report and shall bar the parties from attacking on appeal the factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (*en banc*); 28 U.S.C. § 636(b)(1).

**FILED AND SUBMITTED** at Fort Lauderdale, Florida, this 21st day of July, 2009.

ROBIN S. ROSENBAUM
UNITED STATES MAGISTRATE JUDGE

cc: Hon. William J. Zloch
    Counsel of Record